# EXHIBIT A

# Case Information

**Local Case Number:**
2025-021909-CA-01

**State Case Number:**
132025CA02190901GE01

**Case Style:**
GUSTAVO A. ESPINOSA vs LINEAGE LOGISTICS SERVICES, LLC

**Filing Date:**
11/05/2025

**Judicial Section:**
CA10 - Downtown Miami - Judge Lopez, Peter R

**Case Status:**
OPEN

**Case Type:**
Discrimination - Employment or Other

**Consolidated Case No.:**

# Related Cases

No data available

# Hearing Details

No data available

# Parties

| Party Description | Party Name | Attorney Information | Other Attorney(s) |
|---|---|---|---|
| Plaintiff | ESPINOSA, GUSTAVO A. | **B#:** 60127<br>Twombly, Robert Y. | |
| Defendant | LINEAGE LOGISTICS SERVICES, LLC | | |

# Dockets

| DIN | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| 8 | 11/13/2025 | | Receipt: | Event | Receipt#:3300044 Amt Paid:$10.00 Name:TWOMBLY, ROBERT Y. WHITE & TWOMBLY PA 9999 NE 2ND AVE STE 306 MIAMI SHORES FL 33138-2346 Comment: Allocation Code Quantity Unit Amount 3139-Summons Issue Fee 1 $10.00 $10.00 Tender Type:eFilings Tender Amt:$10.00 Receipt Date:11/13/2025 Register#:330 Cashier:EFilingUser EFiling #:235509624 |
| 7 | 11/12/2025 | | Electronic Summons Email Notification Sent | Event | Robert Young Twombly Jr. |
| | 11/12/2025 | | 20 Day Summons Issued | Service | |
| 6 | 11/12/2025 | | ESummons 20 Day Issued | Event | Re: Index # 5. |
| 5 | 11/10/2025 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| 4 | 11/06/2025 | | Receipt: | Event | Receipt#:3230218 Amt Paid:$401.00 Name:TWOMBLY, ROBERT Y. WHITE & TWOMBLY PA 9999 NE 2ND AVE STE 306 MIAMI SHORES FL 33138-2346 Comment: Allocation Code Quantity Unit Amount 3100-Circuit Filing Fee 1 $401.00 $401.00 Tender Type:eFilings Tender Amt:$401.00 Receipt Date:11/06/2025 Register#:323 Cashier:EFilingUser EFiling #:235181166 |

| DIN | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| 2 | 11/05/2025 | | Complaint | Event | |
| 1 | 11/05/2025 | | Civil Cover Sheet - Claim Amount | Event | |

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | **SUMMONS 20 DAY CORPORATE SERVICE**<br>**(a) GENERAL FORMS** | 2025-021909-CA-01 |

| PLAINTIFF(S) | VS. DEFENDANT(S) | SERVICE |
|---|---|---|
| GUSTAVO A. ESPINOSA | LINEAGE LOGISTICS SERVICES, LLC. | |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s): LINEAGE LOGISTICS SERVICES, LLC.

c/o CORPORATION SERVICE COMPANY

1201 HAYS STREET

TALLAHASSEE, FL 32301

CLOCK IN

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: ROBERT TWOMBLY, ESQ.

whose address is: 9999 NE 2ND AVE, SUITE 306

MIAMI SHORES, FL 33138

786-502-2038

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| | | DATE |
|---|---|---|
| **JUAN FERNANDEZ-BARQUIN**<br>**CLERK OF THE COURT AND COMPTROLLER**<br>**MIAMI-DADE COUNTY**<br>**CIRCUIT AND COUNTY COURTS** | BY: wasoto<br>DEPUTY CLERK | 11/12/2025 |

JUAN FERNANDEZ-BARQUIN ... IN GOD WE TRUST

# AMERICANS WITH DISABILITIES ACT OF 1990
# ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

Filing # 235181166 E-Filed 11/05/2025 12:01:31 PM
NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I. CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GUSTAVO A. ESPINOSA
Plaintiff

Case # ________________
Judge ________________

vs.
LINEAGE LOGISTICS SERVICES, LLC
Defendant

---

**II. AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III. TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
- ☐ Business governance
- ☐ Business torts
- ☐ Environmental/Toxic tort
- ☐ Third party indemnification
- ☐ Construction defect
- ☐ Mass tort
- ☐ Negligent security
- ☐ Nursing home negligence
- ☐ Premises liability—commercial
- ☐ Premises liability—residential

☐ Products liability
☐ Real Property/Mortgage foreclosure
- ☐ Commercial foreclosure
- ☐ Homestead residential foreclosure
- ☐ Non-homestead residential foreclosure
- ☐ Other real property actions

☐Professional malpractice
- ☐ Malpractice—business
- ☐ Malpractice—medical
- ☐ Malpractice—other professional

☒ Other
- ☐ Antitrust/Trade regulation
- ☐ Business transactions
- ☐ Constitutional challenge—statute or ordinance
- ☐ Constitutional challenge—proposed amendment
- ☐ Corporate trusts
- ☒ Discrimination—employment or other
- ☐ Insurance claims
- ☐ Intellectual property
- ☐ Libel/Slander
- ☐ Shareholder derivative action
- ☐ Securities litigation
- ☐ Trade secrets
- ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

☐ Replevins
☐ Evictions
  ☐ Residential Evictions
  ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

2

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
☐ yes
☒ no

**IX. DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
☐ yes
☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Robert Young Twombly Jr. Fla. Bar # 60127
Attorney or party (Bar # if attorney)

Robert Young Twombly Jr. 11/05/2025
(type or print name) Date

Filing # 235181166 E-Filed 11/05/2025 12:01:31 PM
NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT**
**IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

GUSTAVO A. ESPINOSA,

Plaintiff, Case No.:

v.

LINEAGE LOGISTICS SERVICES, LLC,

a foreign limited liability company,

Defendant.

______________________/

**COMPLAINT**

**COMES NOW** Plaintiff, GUSTAVO A. ESPINOSA ('Plaintiff' or 'Mr. Espinosa'), by and through undersigned counsel, sues Defendant, LINEAGE LOGISTICS SERVICES, LLC ('Defendant' or 'Lineage'), and alleges:

**PARTIES**

1. Plaintiff GUSTAVO A. ESPINOSA is a resident of Miami-Dade County, Florida.

2. Defendant LINEAGE LOGISTICS SERVICES, LLC is a foreign limited liability company authorized to do business in Florida, operating a cold storage warehouse facility in Miami-Dade County Florida.

3. At all times material hereto, Defendant employed more than ten (10) employees and was an 'employer' as defined under Florida Statutes Section 448.101(3).

**JURISDICTION AND VENUE**

4. This is an action for damages in excess of the jurisdictional limits of this Court, exclusive of interest, costs, and attorney's fees.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

5. This Court has jurisdiction pursuant to Florida Statutes Section 26.012.

6. Venue is proper in Miami-Dade County where the causes of action accrued.

7. All conditions precedent have been performed or occurred.

## GENERAL ALLEGATIONS

**Employment History and Protected Activity**

8. Plaintiff began employment with Defendant on April 1, 2019, as an Inventory Control Technician at Defendant's Miami cold storage facility.

9. Defendant's facility operates with freezer environments below zero degrees Fahrenheit, creating inherently dangerous conditions requiring strict safety compliance.

10. On August 1, 2022, Plaintiff’s supervisor, Ricardo Ferreira (“Supervisor Ferreira”, repeatedly told Plaintiff that he had to work quickly despite Plaintiff informing him that it was unsafe to do so and would be an OSHA violation under the circumstances.

11. This report constituted protected activity under Florida law as a good faith complaint about workplace safety violations.

12. Between August 2022 and March 2024, Plaintiff made additional safety complaints about: (a) being forced to work alone in freezer areas violating buddy system protocols; (b) being rushed without safety breaks; (c) management's failure to follow cold storage safety procedures; (d) understaffing in hazardous areas.

**Retaliation**

13. Immediately after Plaintiff's August 2022 safety complaint, Supervisor Ferreira began retaliating by isolating Plaintiff, assigning him to work alone violating safety protocols, and subjecting him to disparate treatment.

14. From September 2022 through March 2023, Supervisor Ferreira escalated retaliation by: (a) forcing Plaintiff to count palettes while other employees performed regular

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

duties; (b) ordering him to work alone in freezers; (c) threatening his job when he objected to unsafe conditions.

15. Plaintiff reported Supervisor Ferreira's unsafe demands to management in September 2022, March 2023, and August 2023, but no corrective action was taken against Supervisor Ferreira.

16. In early 2024, Supervisor Ferreira continually demanded Plaintiff work at unsafe speeds in freezers and explicitly threatened termination if safety protocols were not ignored.

**<u>Termination</u>**

17. On March 10, 2024, Defendant terminated Plaintiff claiming "safety violations" despite Plaintiff repeatedly informing Defendant that Mr. Ferreira was demanding Plaintiff to work in unsafe conditions.

18. This reason was pretextual because: (a) Defendant immediately hired over ten employees from United Natural Foods for similar positions; (b) no other long-term employees were terminated; (c) Ferreira was promoted; (d) timing closely followed Plaintiff's safety complaints; (e) no other employees were terminated for "safety violations" despite following Supervisor Ferreira's demands to violate safety protocols.

19. The true reason for termination was retaliation for protected whistleblowing activity.

**<u>COUNT I</u>**

**<u>VIOLATION OF FLORIDA PRIVATE SECTOR WHISTLEBLOWER ACT</u>**

**(FLA. STAT. § 448.102)**

20. Plaintiff incorporates paragraphs 1-19 by reference as if fully alleged herein.

21. Section 448.102 prohibits retaliation against employees who disclose violations of laws/rules/regulations or object to/refuse participation in illegal activities.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

22. Plaintiff engaged in protected activity by: (a) disclosing violations of OSHA regulations (29 CFR 1910) regarding safe equipment operation and cold storage safety; (b) disclosing violations of Florida workplace safety standards; (c) objecting to working alone in freezers; (d) refusing to work at unsafe speeds.

23. Defendant would not have terminated Plaintiff but for Plaintiff engaging in protected activity.

24. Defendant retaliated through: (a) harassment by supervisors; (b) isolation and punitive assignments; (c) forcing unsafe working conditions; (d) termination on March 10, 2024.

25. Causal connection exists through: (a) temporal proximity between complaints and retaliation; (b) supervisors explicitly referencing complaints; (c) escalating pattern after each disclosure; (d) pretextual termination reason.

26. Plaintiff suffered damages including lost wages/benefits, future lost earnings, emotional distress, and reputational harm.

**WHEREFORE**, Plaintiff demands compensatory damages, attorney's fees under Section 448.104, costs, and all other appropriate relief.

## COUNT II
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

27. Plaintiff incorporates paragraphs 1-19 by reference as if fully alleged herein.

28. Florida recognizes wrongful termination when discharge violates clear public policy mandates.

29. Florida's public policy mandates workplace safety through: (a) adoption of OSHA standards; (b) workers' compensation laws; (c) constitutional provisions (Art. I, Section 23); (d) cold storage safety regulations.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

30. Plaintiff exercised protected rights by: (a) reporting unsafe equipment operation; (b) objecting to solo freezer work; (c) refusing unsafe speeds; (d) insisting on buddy system compliance.

31. Defendant would not have terminated Plaintiff but for Plaintiff exercising these rights.

32. Defendant's conduct was willful and warrants punitive damages.

**WHEREFORE**, Plaintiff demands compensatory damages, punitive damages, costs, and all other appropriate relief.

**DEMAND FOR NON-JURY TRIAL**

Plaintiff demands non-jury trial on all issues so triable.

Dated: November 5, 2025

Respectfully submitted,

**WHITE & TWOMBLY, P.A.**
*Counsel for Plaintiff*
9999 NE 2nd Avenue, Suite 306
Miami Shores, Florida 33138
Telephone: (786) 502-2038
david@whitetwombly.com
robert@whitetwombly.com
paralegalryt@whitetwombly.com

By: */s/David Alvarez*
David Alvarez, Esquire
FBN: 1054426

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | **SUMMONS 20 DAY CORPORATE SERVICE**<br>**(a) GENERAL FORMS** | 2025-021909-CA-01 |

| PLAINTIFF(S) | VS. DEFENDANT(S) | SERVICE |
|---|---|---|
| GUSTAVO A. ESPINOSA | LINEAGE LOGISTICS SERVICES, LLC. | |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s): LINEAGE LOGISTICS SERVICES, LLC.

c/o CORPORATION SERVICE COMPANY

1201 HAYS STREET

TALLAHASSEE, FL 32301

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: ROBERT TWOMBLY, ESQ.

whose address is: 9999 NE 2ND AVE, SUITE 306

MIAMI SHORES, FL 33138

786-502-2038

CLOCK IN

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| | | |
|---|---|---|
| **JUAN FERNANDEZ-BARQUIN**<br>**CLERK OF THE COURT AND COMPTROLLER**<br>**MIAMI-DADE COUNTY**<br>**CIRCUIT AND COUNTY COURTS** | BY:__________________<br>DEPUTY CLERK | DATE |

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | **SUMMONS 20 DAY CORPORATE SERVICE**<br>**(a) GENERAL FORMS** | 2025-021909-CA-01 |
| **PLAINTIFF(S)**<br>GUSTAVO A. ESPINOSA | **VS. DEFENDANT(S)**<br>LINEAGE LOGISTICS SERVICES, LLC. | **SERVICE** |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s): LINEAGE LOGISTICS SERVICES, LLC.

c/o CORPORATION SERVICE COMPANY

1201 HAYS STREET

TALLAHASSEE, FL 32301

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: ROBERT TWOMBLY, ESQ.

whose address is: 9999 NE 2ND AVE, SUITE 306

MIAMI SHORES, FL 33138

786-502-2038

CLOCK IN

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| | | |
|---|---|---|
| **JUAN FERNANDEZ-BARQUIN**<br>**CLERK OF THE COURT AND COMPTROLLER**<br>**MIAMI-DADE COUNTY**<br>**CIRCUIT AND COUNTY COURTS** | BY: wasoto<br>DEPUTY CLERK | DATE<br>11/12/2025 |

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**